## BOTSFORD v. BEAN.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

PLEADING—CAUSE OF ACTION—USURIOUS CONSIDERATION—PARTIAL RECOVERY.
　　In an action on notes, where part of the consideration was shown to be usurious, and part was the renewal of an original debt, the plaintiff cannot go behind the notes and recover on the original debt, when there was no reference to it in his complaint.

Appeal from special term, New York county.

Action by Daniel H. Botsford against Cotton W. Bean. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. M. Hitchings, for appellant.

M. D. Wilber, for respondent.

PATTERSON, J. This action was brought upon two promissory notes, aggregating $265. The defenses were that the notes were barred by the statute of limitations, and that they were tainted with usury. On the latter defense there was evidence to go to the jury. It was shown that, at the time the notes in suit were given, the defendant was liable upon a promissory note for $250 held by the plaintiff. That note became due on the 19th of October, 1885, but no interest was due on it at that date. The notes in suit were dated the 8th of February, 1886, and, when they were given, $15 was added to the principal of the indebtedness represented by the $250 note, upon which there could only have been then due interest for less than four months. The defendant swore that the additional $15 was given for the renewal of the $250 note. The justice at the trial instructed the jury that, if they should find that the $15 was paid for the renewal of the original note, it constituted usury, but, it being proven that there was a valid original debt of $250, they were at liberty to go behind the notes in suit, and render a verdict in favor of the plaintiff for the amount of that original indebtedness. A verdict was found for $250, from which it is manifest that the jury regarded the note sued upon as being usurious, and followed the instruction of the court relating to the original indebtedness. Counsel for the defendant duly excepted to that instruction, and insisted that the plaintiff was entitled to recover only upon the causes of action pleaded, and they were specifically upon the two renewal notes.

The general proposition of law charged by the learned judge was correct, but was not applicable in this case, for the reason that nothing is contained in the complaint with reference to the original indebtedness, and no amendment of the complaint was made, nor was an application made on the trial to amend it. On that condition of the pleadings, the plaintiff was not entitled to recover on the original indebtedness. Hansee v. Phinney, 20 Hun, 154.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.